```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/15
```

**JONES DAY**

**MEMO ENDORSED**

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1 212.755.7306

March 9, 2015

Direct Number: (212) 326-3611
rdouglas@JonesDay.com

*[Handwritten endorsement:]* Since the conferences seems likely to focus upon discovery, I suggest you discuss these matters w/ the Mag. Judge Francis (w/ whom you can also discuss settlement). March 12 conference adjourned to June 9, 2015 @ 10:00 AM

SO ORDERED:
Date: 3/10/15
Richard M. Berman, U.S.D.J.

VIA ECF AND HAND DELIVERY

Hon. Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *LightSquared Inc., et al., v. Deere & Company, et al.*, No. 13-CV-8157 (RMB)

Dear Judge Berman:

    On behalf of Defendants, I write regarding the March 12, 2015 conference in this case. The Court's February 5, 2015 Decision and Order (Dkt. 100) (the "Decision" or "Op.") directed "the parties in the LightSquared action . . . to appear for a status/settlement conference" and "to engage in good faith settlement negotiations before the conference." Op. at 41.

    Although counsel for the parties met on March 4, 2015, there is no immediate prospect for a settlement. Defendants anticipate, therefore, that the Court may want to devote a portion of the conference to procedural matters. Accordingly, at the conference, we would like to discuss ways to focus the discovery process on potentially dispositive issues by engaging in initial, targeted discovery on one or more topics. Such focused discovery may resolve the lawsuit quickly, without the need for lengthy and expensive plenary discovery.

    By way of example, the Court denied Defendants' motion to dismiss LightSquared's claims for negligent misrepresentation and constructive fraud on the ground that discovery was warranted on the issue of whether Defendant The U.S. GPS Industry Council's ("USGIC") limited discussions regarding the 2009 FCC Letter gave rise to a duty to disclose. The Court stated, "It is a question of fact (requiring discovery) whether the 2009 negotiations involved only discussion of the femtocell issue, and whether the out-of-band reception issue was relevant to or a part of such discussions." (Op. at 30). Defendants expect that the undisputed evidence will show that the out-of-band reception issue was not relevant to the 2009 femtocell negotiations because: (i) USGIC did not represent that out-of-band emissions were the only possible source of interference; and (ii) the 2009 discussions were confined to femtocells—tiny, indoor

JONES DAY

Hon. Richard M. Berman
March 9, 2015
Page 2

transmitters. In that case, Defendants would have had no duty to disclose potential receiver overload from high-power terrestrial base stations—a necessary element of LightSquared's claims for negligent misrepresentation and constructive fraud. Op. at 26, 28-29.

Focused discovery on this issue, or other discrete topics, would conserve judicial and party resources and advance resolution of the case. *See In re Top Tankers, Inc. Sec. Litig.*, 528 F. Supp. 2d 408, 418 (S.D.N.Y. 2007) ("Quick and targeted discovery is the fastest and most efficient way to manage and dispose of this particular case. And that is how I am going to manage and dispose of it."). As is well recognized, early discovery "should focus on matters— witnesses, documents, information—that appear pivotal." *Manual for Complex Litigation, Fourth*, §11.422. "Targeted discovery" of this sort, calculated to "produce critical information rapidly on one or more specific issues," *id.*, is therefore frequently ordered. *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, for example, ordered "limited discovery" on the threshold issue of "arbitrability." 234 F. Supp. 2d 291 (S.D.N.Y. 2002) (Berman, J.); *see also Burchette v. Abercrombie*, 2009 U.S. Dist. LEXIS 26462 (S.D.N.Y. 2009) (Berman, J.) (directing "limited jurisdictional discovery" on a key threshold issue). Another judge in this district, faced with "a number of issues" that could "be resolved through what will be called 'Stage One discovery,'" ordered just that. *AMA v. United Healthcare Corp.*, 2002 U.S. Dist. LEXIS 20309, *5 (S.D.N.Y. 2002). A court's use of Rule 16 to "provide guidance . . . in furtherance of the control of discovery" often leads to "simplification of the issues presented by [the] case." *IBT v. Eastern Conference of Teamsters*, 162 F.R.D. 25 (S.D.N.Y. 1995).[1]

We look forward to addressing these issues at the March 12 conference.

Respectfully submitted,

Philip Le B. Douglas

Philip Le B. Douglas

cc: Counsel for all parties in *LightSquared* (via ECF and email)

---

[1] *See, e.g., Medina v. Fischer*, 2013 WL 1294621, at *1 (S.D.N.Y. Mar. 29, 2013) *report and recommendation adopted*, 2013 WL 3186932 (S.D.N.Y. June 24, 2013) (citing the parties' engagement in "targeted discovery with the objective of narrowing (and possibly resolving) the issues in this case"); *Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 132 (S.D.N.Y. 2012) *aff'd*, 556 F. App'x 56 (2d Cir. 2014) ("[S]hould Columbia decide to seek summary judgment pre-discovery or shortly after discovery begins, the Court would entertain a targeted summary judgment motion focused on the Agreement's validity.").