**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re:                                        )       Chapter 11
LightSquared Inc., et al.,                    )       Case No. 12-12080 (SCC)
                          Debtors.            )       Jointly Administered
-------------------------------------------------------------------x
LightSquared Inc.;                            )       No. 13-CV-8157 (RMB)
LightSquared LP; and                          )
LightSquared Subsidiary LLC,                  )
                                              )
                          Plaintiffs,         )
                                              )
              v.                              )
                                              )
Deere & Company; Garmin International, Inc.;  )
Trimble Navigation Limited; and The U.S. GPS Industry )
Council,                                      )
                                              )
                          Defendants.         )
-------------------------------------------------------------------x
```

## TRIMBLE NAVIGATION LIMITED'S ANSWER AND DEFENSES TO LIGHTSQUARED'S AMENDED COMPLAINT

Trimble Navigation Limited ("Trimble") as and for its answer to the Amended Complaint (the "Complaint") filed by LightSquared Inc., LightSquared LP, and LightSquared Subsidiary LLC ("LightSquared"), by their attorneys, hereby responds to the Complaint. Except as specifically admitted in this Answer, Trimble denies the allegation of each paragraph or portion of a paragraph. By responding to any allegation in the Complaint, Trimble does not concede (i) that the allegation requires a response; or (ii) the relevance of the allegation to Plaintiffs' remaining claims.

1.      Trimble denies the allegations in Paragraph 1 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

2.      Trimble denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 2.

3.     Trimble admits that the Federal Communications Commission ("FCC") issued certain orders in 2003, 2004, 2005, and 2010.  Trimble refers to those orders for a true and accurate representation of their contents.  Trimble denies knowledge or information sufficient to form a belief as to the truth of whether, throughout that period, LightSquared and/or its predecessors participated in numerous business and technical negotiations with private third parties; whether, by late 2010, LightSquared had obtained the commitments and funding from private parties necessary to launch its network; and whether, to date, LightSquared has invested approximately $4 billion to develop its network.  Trimble otherwise denies the allegations in Paragraph 3.

4.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessors entered into letter agreements that were submitted to the FCC on July 17, 2002, and August 13, 2009, denies that LightSquared accurately characterizes those letters, and refers to those letters for a true and accurate representation of their contents.  Trimble otherwise denies the allegations in Paragraph 4 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

5.     Trimble denies knowledge or information sufficient to form a belief as to the truth of whether LightSquared and/or its predecessors invested billions of dollars in a new wireless network; whether those investments included launching a state-of-the-art communications satellite and entering into numerous lucrative business contracts; and whether LightSquared and/or its predecessors also entered into business negotiations with a number of parties interested in using any purported network.  Trimble otherwise denies the allegations in Paragraph 5 to the

2

extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

6.      Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Trimble denies the allegations in Paragraph 7 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

8.      Trimble denies the allegations in Paragraph 8 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

9.      Trimble denies the allegations in Paragraph 9 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

10.     Trimble admits FCC International Bureau Chief Mindel De La Torre testified before the House Oversight and Investigations Subcommittee Energy and Commerce Committee U.S. House of Representatives on or about September 21, 2012, and refers to that testimony for a true and accurate representation of its content.  Trimble otherwise denies the allegations in Paragraph 10 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

11.     Trimble admits that, on February 15, 2012, the International Bureau of the FCC issued a Public Notice entitled *International Bureau Invites Comment on NTIA Letter Regarding LightSquared Conditional Waiver*, and refers to that document for a true and accurate

representation of its contents.    Trimble otherwise denies the allegations in Paragraph 11 and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

12.    Trimble denies knowledge or information sufficient to form a belief as to the truth of whether LightSquared is currently engaged in ongoing efforts to launch any nationwide wireless network.  Trimble otherwise denies the allegations in Paragraph 12 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

13.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Trimble admits that it is a California corporation, with offices in Sunnyvale, California; that it is engaged in the design, development, manufacture, and sale of products using GPS technology; and that it does business in this district.    Trimble otherwise denies the allegations of Paragraph 18.

19.    Trimble admits that it is a member of the U.S. GPS Industry Council, which was

created in 1991, is headquartered in Washington, D.C., and has a goal of promoting commercial uses of GPS technology.  The remaining allegations in Paragraph 19 constitute legal or other conclusions as to which no response is required. To the extent a response is required, Trimble denies the remaining allegations in Paragraph 19 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

20.     The Court dismissed all claims with respect to the Coalition to Save Our GPS and a response is therefore not required.  To the extent a response is deemed necessary, Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     The Court dismissed all claims with respect to the Coalition to Save Our GPS and a response is therefore not required.  To the extent a response is deemed necessary, Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     The Court dismissed all claims with respect to the Coalition to Save Our GPS and a response is therefore not required.  To the extent a response is deemed necessary, Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     The Court dismissed all claims with respect to the Coalition to Save Our GPS and a response is therefore not required.  To the extent a response is deemed necessary, Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     Trimble denies the allegations in Paragraph 24 to the extent such allegations are

directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

25.     The allegations in Paragraph 25 constitute legal or other conclusions as to which no response is required.

26.     The allegations in Paragraph 26 constitute legal or other conclusions as to which no response is required.

27.     Trimble admits that LightSquared purports to use the term "spectrum" as defined in Paragraph 27.  Trimble otherwise denies the allegations in Paragraph 27.

28.     Trimble admits that LightSquared purports to use the terms "signals," "transmitter," and "receiver" as defined in Paragraph 28.   Trimble otherwise denies the allegations in Paragraph 28.

29.     Trimble admits that LightSquared purports to use the term "LightSquared Band" as defined in Paragraph 29.  Trimble otherwise denies the allegations in Paragraph 29 and refers to the referenced FCC and NTIA proceedings for a true and accurate representation of their contents.

30.     Trimble admits that LightSquared purports to use the term "GPS Band" as defined in Paragraph 30.  Trimble otherwise denies the allegations in Paragraph 30 and refers to the referenced FCC and NTIA proceedings for a true and accurate representation of their contents.

31.     To the extent such allegations are directed against Trimble, Trimble admits the allegations in Paragraph 31, except denies that GPS is a network of 24 satellites. Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 insofar as they relate to other parties.

32.     The last two sentences of Paragraph 32 are legal conclusions that require no

response.  Trimble denies the remaining allegations in Paragraph 32 and refers to the referenced FCC and NTIA proceedings for a true and accurate representation of their contents.

33.     Trimble admits that LightSquared purports to use a graphic that purportedly "approximates" the "relevant bands of spectrum" in Paragraph 33.  Trimble otherwise denies the allegations in Paragraph 33 and refers to the referenced FCC and NTIA proceedings for a true and accurate representation of their contents.

34.     The allegations in Paragraph 34 constitute legal or other conclusions as to which no response is required.   To the extent a response is required, Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.      Trimble denies the allegations in Paragraph 35 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

36.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     Trimble denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 41.

42.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    Trimble denies the allegations in Paragraph 46 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

47.    Trimble admits that historically the FCC has mandated that licensees operating in the 1525 MHz to 1559 MHz and 1626.5 MHz to 1660.5 MHz bands could offer only satellite-based services.  Trimble also admits that in March 2001 LightSquared's predecessor filed an application with the FCC seeking authority to supplement its mobile satellite service with ATC. Trimble refers to that application for a true and accurate representation of its contents.  Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.    Trimble admits that Trimble has, on occasion, communicated concerns regarding "out-of-band emissions" to LightSquared and/or its predecessors.  Trimble otherwise denies the allegations in Paragraph 48 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as

they relate to other parties.

49.     Trimble admits that Trimble has, on occasion, communicated concerns regarding "out-of-band emissions" to LightSquared and/or its predecessors.  Trimble otherwise denies the allegations in Paragraph 49 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

50.     Trimble admits that Trimble has, on occasion, communicated concerns regarding "out-of-band emissions" to LightSquared and/or its predecessors.  Trimble otherwise denies the allegations in Paragraph 50 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

51.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on July 17, 2002, and refers to that letter for a true and accurate representation of its contents.  Trimble further admits that representative(s) of Trimble, on occasion, participated in communications with representative(s) of LightSquared's predecessor in 2002.   Trimble otherwise denies the allegations in Paragraph 51 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

52.     Trimble admits that on or about June 21, 2002, representative(s) of Trimble participated in a teleconference that included, among others, representative(s) of LightSquared's predecessor.  Trimble also admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on July 17, 2002, and

refers to that letter for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 52 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

53.   Trimble admits that Raul Rodriguez emailed Lon Levin on June 24, 2002 and refers to that email for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 53.

54.   Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on July 17, 2002, and refers to that letter for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 54 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

55.   Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.   Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.   Trimble admits that the U.S. GPS Industry Council filed a Petition for Reconsideration with the FCC on June 11, 2003, and refers to that petition for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 57 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

58.   Trimble admits that the U.S. GPS Industry Council filed a Petition for

Reconsideration with the FCC on June 11, 2003, and refers to that petition for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 58.

59.     Trimble admits that the FCC issued a Report and Order on February 10, 2003, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 59.

60.     Trimble denies the allegations in Paragraph 60 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

61.     Trimble admits that the U.S. GPS Industry Council filed a Reply to Comments with the FCC on September 4, 2003, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 61 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

62.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     Trimble admits that the U.S. GPS Industry Council filed a letter with the FCC on March 24, 2004, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 63 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

64.     Trimble denies the allegations in Paragraph 64 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

65.     Trimble admits that the FCC issued an Order and Authorization on November 8, 2004, and refers to that document for a true and accurate representation of its contents.  Trimble also admits that Julius Knapp and Mindel De La Torre testified before House Oversight and Investigations Subcommittee Energy and Commerce Committee U.S. House of Representatives on or about September 21, 2012, and refers to that testimony for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 65.

66.     Trimble admits that the FCC issued an Order and Authorization on November 8, 2004, and refers to that document for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 66.

67.     Trimble admits that the FCC issued a Memorandum Opinion and Order and Second Order on Reconsideration on February 25, 2005, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 67 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

68.     Trimble admits that the FCC issued a Memorandum Opinion and Order and Second Order on Reconsideration on February 25, 2005, and refers to that document for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 68.

69.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on July 17, 2002, and refers to that letter for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 69 to the extent such allegations are directed against Trimble

and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

70.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding LightSquared and/or its predecessors' investments or commercial relationships, if any, in 2006 and 2007.  Trimble otherwise denies the allegations of Paragraph 70 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

71.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.    Trimble admits that LightSquared's predecessor publicly announced a Cooperation Agreement with Inmarsat in or about December 2007.  Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.    Trimble admits that SkyTerra, LightSquared's predecessor, filed a Modification and Request for Expedited Consideration with the FCC on April 29, 2009, and refers to that document for a true and accurate representation of its contents.  Trimble further admits that the U.S. GPS Industry Council submitted comments to the FCC regarding SkyTerra's Modification and Request, and refers to those comments for a true and accurate representation of their contents.  Trimble otherwise denies the allegations in Paragraph 73.

74.    Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on August 13, 2009, and refers to that letter for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 74 to the extent such allegations are directed against Trimble

and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

75.     Trimble admits that on or about July 17, 2009, Bruce Jacobs emailed Raul Rodriguez to schedule a teleconference, and refers to that email for a true and accurate representation of its contents.  Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on August 13, 2009, and refers to that letter for a true and accurate representation of its contents.  Trimble further admits that representative(s) of Trimble, on occasion, participated in communications with representative(s) of LightSquared's predecessor in 2009.   Trimble otherwise denies the allegations in Paragraph 76 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

77.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on August 13, 2009, and refers to that letter for a true and accurate representation of its contents.  Trimble further admits that representative(s) of Trimble, on occasion, participated in communications with representative(s) of LightSquared's predecessor in 2009.   Trimble otherwise denies the allegations in Paragraph 77 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

78.     Trimble admits the allegations of paragraph 78 to the extent that this allegation is

directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.  Trimble avers that it did not withhold any concerns that it then had, as no other issues appeared to it to be relevant at the time given the nature of LightSquared's permitted operations.

79.     Trimble denies the allegations in Paragraph 79 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

80.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on August 13, 2009, and refers to that letter for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 80 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

81.     Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessors entered into letter agreements that were submitted to the FCC on July 17, 2002, and August 13, 2009, and refers to those letters for a true and accurate representation of their contents.  Trimble otherwise denies the allegations in Paragraph 81 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

82.     Trimble admits that the FCC issued an Order and Authorization In the Matter of SkyTerra Subsidiary LLC Application for Modification Authority for an Ancillary Terrestrial Component on March 26, 2010, and refers to that document for a true and accurate representation of its contents.  Trimble further admits it did not submit any comments to the FCC

in response to this order, or petition the FCC for reconsideration of the order. Trimble otherwise denies the allegations in Paragraph 82 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties. Trimble avers that it did not withhold any concerns that it then had, as no other issues appeared to it to be relevant at the time given the nature of LightSquared's permitted operations.

83.    Trimble admits that the FCC issued a Memorandum Opinion and Order and Declaratory Ruling In the Matter of SkyTerra Communications, Inc., Transferor and Harbinger Capital Partners Funds, Transferee Applications for Consent to Transfer of Control of SkyTerra Subsidiary, LLC on March 26, 2010, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.    Trimble admits that the FCC issued a Memorandum Opinion and Order and Declaratory Ruling In the Matter of SkyTerra Communications, Inc., Transferor and Harbinger Capital Partners Funds, Transferee Applications for Consent to Transfer of Control of SkyTerra Subsidiary, LLC on March 26, 2010, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.    Trimble admits that the FCC issued a Memorandum Opinion and Order and Declaratory Ruling In the Matter of SkyTerra Communications, Inc., Transferor and Harbinger Capital Partners Funds, Transferee Applications for Consent to Transfer of Control of SkyTerra Subsidiary, LLC on March 26, 2010, and refers to that document for a true and accurate representation of its contents. Trimble otherwise denies the allegations in Paragraph 85 to the

extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

86.     As previously answered in paragraphs above:

• Trimble admits that Trimble has, on occasion, communicated concerns regarding "out-of-band emissions" to LightSquared and/or its predecessors;

• Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on July 17, 2002, and refers to that letter for a true and accurate representation of its contents;

• Trimble admits that the U.S. GPS Industry Council filed a Reply to Comments with the FCC on September 4, 2003, and refers to that document for a true and accurate representation of its contents;

• Trimble admits that the U.S. GPS Industry Council filed a letter with the FCC on March 24, 2004, and refers to that document for a true and accurate representation of its contents;

• Trimble admits that the U.S. GPS Industry Council and LightSquared's predecessor entered into a letter agreement that was submitted to the FCC on August 13, 2009, and refers to that letter for a true and accurate representation of its contents;

• Trimble admits that the U.S. GPS Industry Council filed a Withdrawal Letter with the FCC on August 17, 2009 and refers to that letter for a true and accurate representation of its contents.

• Trimble otherwise denies the allegations in Paragraph 86.

87.     Trimble denies the allegations in Paragraph 87 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to

the truth of the allegations insofar as they relate to other parties.

88.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether LightSquared entered into contracts and whether LightSquared announced any of those contracts publicly.   Trimble otherwise denies the allegations in Paragraph 88 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

89.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether LightSquared disclosed the relevant details of all the transactions described in paragraphs 89-93 of the complaint publicly. Trimble otherwise denies the allegations in Paragraph 94 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

95.     Trimble denies the allegations in Paragraph 95 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

96.     Trimble denies the allegations in Paragraph 96 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

97.     Trimble denies the allegations in Paragraph 97 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

98.     Trimble admits that out-of-band emissions occur when a transmitted signal extends outside of its assigned band.  Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether Deere informed LightSquared or the FCC of any receiver overload concerns in 2001, but avers that if the allegation is true, LightSquared was on notice of the issue of receiver overload no later than 2001.  Trimble otherwise denies the allegations in Paragraph 98 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

99.     Trimble denies the allegations in Paragraph 99 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

100.    The allegations in Paragraph 100 constitute legal or other conclusions as to which no response is required.   To the extent a response is required, Trimble denies the allegations in Paragraph 100.

101.   The allegations in Paragraph 101 constitute legal or other conclusions as to which no response is required.   To the extent a response is required, Trimble admits that certain of its receivers have user manuals, and refers to those user manuals for a true and accurate representation of their contents.   Trimble otherwise denies the allegations in Paragraph 101 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

102.   Trimble denies the allegations in Paragraph 102 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

103.   Trimble denies the allegations in Paragraph 103 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

104.   Trimble admits that the U.S. government provides satellite transmissions for GPS at no cost.   Trimble otherwise denies the allegations in Paragraph 104 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

105.   Trimble denies that LightSquared could not have identified potential overload concerns.   Trimble denies the remaining allegations in Paragraph 105 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations insofar as they relate to other parties.

106.   Trimble denies the allegations in Paragraph 106 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

107.    Trimble denies the allegations in Paragraph 107 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

108.    Trimble denies the allegations in Paragraph 108 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

109.    Trimble admits that the U.S. GPS Industry Council filed a Reply to Comments with the FCC on September 4, 2003, and refers to those comments for a true and accurate representation of their contents.  Trimble further admits that the U.S. GPS Industry Council submitted a letter to the FCC on March 24, 2004, and refers to the text of that letter for the true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 109 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

110.    Trimble admits that FCC Chairman Julius Genachowski sent a letter to Senator Charles Grassley, dated May 31, 2011, and refers to that letter for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 110.

111.    Trimble denies the allegations in Paragraph 111 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

112.    Trimble admits that it has submitted documents to the FCC regarding receiver overload, and refers to those documents for a true and accurate representation of their contents. Trimble otherwise denies the allegations in Paragraph 112 to the extent such allegations are

directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

113.    Trimble admits that from time to time it has participated in ITU working groups. Trimble otherwise denies the allegations of Paragraph 113 to the extent such allegations are directed at Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

114.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Trimble denies the allegations in Paragraph 116 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

117.    Trimble denies the allegations in Paragraph 117 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

118.    Trimble admits that LightSquared filed a letter seeking permission to operate "terrestrial-only" handsets with the FCC on November 18, 2010, and refers to that letter for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 118.

119.    Trimble admits that the FCC issued an Order and Authorization on January 26, 2011, and refers to that document for a true and accurate representation of its contents.  Trimble otherwise denies the allegations in Paragraph 119.

120.    Trimble denies the allegations in Paragraph 120 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

121.    Trimble denies the allegations in Paragraph 121.

122.    Trimble denies the allegations in Paragraph 122.

123.    Trimble denies the allegations in Paragraph 123.

124.    Trimble admits that JAVAD GNSS is a manufacturer of GPS devices.  Trimble otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.    Trimble denies the allegations in Paragraph 125 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

126.    Trimble denies the allegations in Paragraph 126.

127.    Trimble denies the allegations in Paragraph 127 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

128.    Trimble denies the allegations in Paragraph 128 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

129.    Trimble denies the allegations in Paragraph 129 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

130.    Trimble denies knowledge or information sufficient to form a belief as to the truth

of the allegations of whether 20 MHz is enough spectrum for a wireless carrier to operate a nationwide 4G network with millions of users. Trimble otherwise denies the allegations in Paragraph 130 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

131.    Trimble denies the allegations in Paragraph 131 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

132.    Trimble denies the allegations in Paragraph 132.

133.    Trimble denies the allegations in Paragraph 133 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

134.    Trimble denies the allegations in Paragraph 134 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

135.    Trimble denies the allegations in Paragraph 135 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

136.    Trimble denies the allegations in Paragraph 136 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

137.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether since 2003 LightSquared and/or its predecessors have invested

approximately $4 billion in the development of a nationwide network. Trimble otherwise denies the allegations in Paragraph 137 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

138.    Trimble denies the allegations in Paragraph 138.

139.    Trimble denies the allegations in Paragraph 139 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

140.    Trimble denies knowledge or information sufficient to form a belief as to the truth of the allegations of whether the FCC's proposal to vacate its order of January 26, 2011 that granted a conditional waiver of the ATC integrated service rule with respect to LightSquared prompted some entities to cancel their contracts with LightSquared. Trimble otherwise denies the allegations in Paragraph 140 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

141.    The allegations in Paragraph 141 constitute legal or other conclusions as to which no response is required. To the extent a response is required, Trimble denies the allegations in Paragraph 141 to the extent such allegations are directed against Trimble and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other parties.

142.    The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required. To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 141 of the Complaint by

reference as though fully set forth herein.

143.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 143.

144.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required,  Trimble denies the allegations in Paragraph 144.

145.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 145.

146.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 146.

147.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 147.

148.   The Court has dismissed Count I pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 148.

149.   The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 148 of the Complaint by reference as though fully set forth herein.

150.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 150.

151.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 151.

152.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 152.

153.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 153.

154.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 154.

155.    The Court has dismissed Count II pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 155.

156.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 155 of the Complaint by reference as though fully set forth herein.

157.    The Court has dismissed Count III pursuant to the Decision and Order dated

February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 157.

158.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 158.

159.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 159.

160.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 160.

161.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 161.

162.    The Court has dismissed Count III pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 162.

163.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 162 of the Complaint by reference as though fully set forth herein.

164.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is

required, Trimble denies the allegations in Paragraph 164.

165.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 165.

166.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 166.

167.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 167.

168.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 168.

169.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 169.

170.    The Court has dismissed Count IV pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 170.

171.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 170 of the Complaint by reference as though fully set forth herein.

172.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 172.

173.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 173.

174.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 174.

175.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 175.

176.    The Court has dismissed Count V pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 176.

177.    The Court has dismissed Count VI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 176 of the Complaint by reference as though fully set forth herein.

178.    The Court has dismissed Count VI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 178.

179.    The Court has dismissed Count VI pursuant to the Decision and Order dated

February 5, 2015 (Dkt. 73) and therefore no answer is required. To the extent an answer is required, Trimble denies the allegations in Paragraph 179.

180.    The Court has dismissed Count VI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required. To the extent an answer is required, Trimble denies the allegations in Paragraph 180.

181.    The Court has dismissed Count VI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required. To the extent an answer is required, Trimble denies the allegations in Paragraph 181.

182.    The Court has dismissed Count VI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required. To the extent an answer is required, Trimble denies the allegations in Paragraph 182.

183.    Trimble incorporates its responses to Paragraphs 1 through 182 of the Complaint by reference as though fully set forth herein.

184.    Paragraph 184 states a legal conclusion for which no response is required. In any event, Trimble denies the allegations in Paragraph 184.

185.    Paragraph 185 states a legal conclusion for which no response is required. In any event, Trimble denies the allegations in Paragraph 185.

186.    Paragraph 186 states a legal conclusion for which no response is required. In any event, Trimble denies the allegations in Paragraph 186.

187.    Paragraph 187 states a legal conclusion for which no response is required. In any event, Trimble denies the allegations in Paragraph 187.

188.    Paragraph 188 states a legal conclusion for which no response is required. In any event, Trimble denies the allegations in Paragraph 188.

189.     Paragraph 189 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 189.

190.     Paragraph 190 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 190.

191.     Paragraph 191 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 191.

192.     Trimble incorporates its responses to Paragraphs 1 through 191 of the Complaint by reference as though fully set forth herein.

193.     Paragraph 193 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 193.

194.     Paragraph 194 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 194.

195.     Paragraph 195 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 195.

196.     Paragraph 196 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 196.

197.     Paragraph 197 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 197.

198.     Paragraph 198 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 198.

199.     Paragraph 199 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 199.

200.     Paragraph 200 states a legal conclusion for which no response is required.  In any

event, Trimble denies the allegations in Paragraph 200.

201.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 200 of the Complaint by reference as though fully set forth herein.

202.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 202.

203.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 203.

204.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 204.

205.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 205.

206.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 206.

207.   The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.   To the extent an answer is required, Trimble denies the allegations in Paragraph 207.

208.    The Court has dismissed Count IX pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 208.

209.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 208 of the Complaint by reference as though fully set forth herein.

210.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 210.

211.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 211.

212.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 212.

213.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 213.

214.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 214.

215.    The Court has dismissed Count X pursuant to the Decision and Order dated

February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 215.

216.    The Court has dismissed Count X pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 216.

217.    The Court has dismissed Count XI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble incorporates its responses to Paragraphs 1 through 216 of the Complaint by reference as though fully set forth herein.

218.    The Court has dismissed Count XI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 218.

219.    The Court has dismissed Count XI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 219.

220.    The Court has dismissed Count XI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 220.

221.    The Court has dismissed Count XI pursuant to the Decision and Order dated February 5, 2015 (Dkt. 73) and therefore no answer is required.  To the extent an answer is required, Trimble denies the allegations in Paragraph 221.

222.    Trimble incorporates its responses to Paragraphs 1 through 221 of the Complaint by reference as though fully set forth herein.

223.    Paragraph 223 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 223.

224.    Paragraph 224 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 224.

225.    Paragraph 225 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 225.

226.    Paragraph 226 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 226.

227.    Paragraph 227 states a legal conclusion for which no response is required.  In any event, Trimble denies the allegations in Paragraph 227.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof not otherwise allocated to it by law, Trimble avers that LightSquared's remaining claims are barred by the following affirmative defenses:

228.    The Complaint fails to state a claim upon which relief can be granted.

229.    Counts I through VI and IX through XI have already been dismissed per the Court's February 5, 2015 Order.

230.    Plaintiffs' claims are barred, in whole or in part, because LightSquared has not suffered any injuries or damages as a result of any actions taken by Trimble.

231.    The Amended Complaint is barred by principles of laches, waiver, estoppel, and unclean hands.

232.    The Amended Complaint is barred by the applicable statute of limitations.

233.    LightSquared failed to mitigate its damages in whole or in part.

234.    LightSquared's damages, if any, resulted from the acts or omissions of third

parties over whom Trimble had no control or responsibility, including but not limited to federal agencies and regulatory bodies. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by LightSquared.

235. LightSquared is barred from obtaining any relief in this action under the economic loss rule.

236. LightSquared is barred from obtaining any relief in this action due to its contributory negligence.

237. LightSquared is barred from obtaining any relief in this action because the duties underlying its claims for negligent misrepresentation and constructive fraud did not arise independently from the enforceable agreements alleged.

238. LightSquared is barred from obtaining any relief in this action because its claims are premised on Trimble's purported opinions or predictions, rather than alleged misstatements of present fact.

239. LightSquared is barred from obtaining any relief in this action because it assumed the risk that its proposed network could cause insoluble interference issues, and that its network investments could fail.

240. Trimble is relieved from any liability because all of LightSquared's claims in the Amended Complaint are barred by the *Noerr-Pennington* doctrine.

241. Trimble is relieved from any liability because all of LightSquared's claims in the Amended Complaint are preempted by the Communications Act of 1934, as amended.

242. Trimble is relieved from any liability because the actions and omissions of LightSquared are the superseding and intervening causes of LightSquared's alleged damages.

243. Trimble is relieved from any liability by LightSquared's failure to conduct

adequate diligence and to exercise due care.

244.    Trimble is relieved from any liability because LightSquared did not reasonably rely on any alleged misstatements and omissions of U.S. GPS Industry Council.

245.    Trimble is relieved from any liability because LightSquared knew, or reasonably should have known, in the relevant period that its proposed network could interfere with Defendants' GPS systems.

246.    LightSquared is barred from recovering any damages in this action because LightSquared's claimed damages are not susceptible to reasonable estimation.

247.    LightSquared is barred from recovering any damages in this action because LightSquared's claims are void or barred as against public policy.

248.    Trimble intends to rely upon such other and further defenses as may become available or apparent during discovery and pretrial proceedings in this action, and hereby reserves the right to amend this Answer and assert any such additional defenses.

**WHEREFORE,** Trimble demands judgment:

A.    dismissing the Amended Complaint with prejudice;

B.    awarding Trimble costs, expenses and attorneys' fees in connection with the Amended Complaint; and

C.    for such other and further relief as the Court deems just and equitable.

Dated: Washington, D.C.
March 18, 2015

By:    */s/ William A. Isaacson*
William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
(202) 237-9607
*Counsel for Trimble Navigation Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of March 2015, a copy of the foregoing Trimble Navigation Limited's Answer and Defenses to LightSquared's Amended Complaint was electronically filed, with notice to:

> Eugene F. Assaf, P.C.
> K. Winn Allen
> Rebecca L. Taibleson
> Devin A. DeBacker
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, N.W.
> Washington, D.C. 20005

Dated:  March 18, 2015
Washington, D.C.                                       _____/s/ William A. Isaacson_____
                                                                          William A. Isaacson