UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LIGHTSQUARED INC., LIGHTSQUARED LP,    :
and LIGHTSQUARED SUBSIDIARY LLC,       :
                                       :   Civil Action No.: 13-CV-8157 (RMB)
                    Plaintiffs,        :
                                       :
          -against-                    :
                                       :   **ANSWER AND DEFENSES BY**
DEERE & COMPANY, GARMIN                :   **DEFENDANT THE U.S. GPS**
INTERNATIONAL, INC., TRIMBLE           :   **INDUSTRY COUNCIL TO**
NAVIGATION LIMITED, THE U.S. GPS       :   **THE AMENDED COMPLAINT**
INDUSTRY COUNCIL, THE COALITION TO     :
SAVE OUR GPS, JOHN DOE NO. 1 AS A      :
REPRESENTATIVE OF THE COALITION TO     :
SAVE OUR GPS, and JOHN DOE NO. 2, AS A :
REPRESENTATIVE OF THE COALITION TO     :
SAVE OUR GPS,                          :
                                       :
                    Defendants.        :
------------------------------------------------------------x

     Defendants The U.S. GPS Industry Council ("USGIC"), by its attorneys Schindler Cohen

& Hochman LLP, respectfully submit the following Answer to the Amended Complaint by

Plaintiffs LightSquared, Inc., LightSquared LP, and LightSquared Subsidiary LLC

("LightSquared").

## **INTRODUCTION**

     1.    USGIC denies the allegations in paragraph 1 of the Amended Complaint.

     2.    USGIC lacks knowledge or information sufficient to respond to the allegations in

paragraph 2 of the Amended Complaint.

     3.    USGIC lacks knowledge or information sufficient to respond to the allegations in

paragraph 3 of the Amended Complaint, and respectfully refers to the record of proceedings

before the FCC for their complete and accurate terms and content.

     4.    USGIC denies the allegations in paragraph 4 of the Amended Complaint.

5.      USGIC denies the allegations in paragraph 5 of the Amended Complaint.

6.      USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 6 of the Amended Complaint, and respectfully refers to the referenced documents for their complete and accurate terms and content.

7.      USGIC denies the allegations in paragraph 7 of the Amended Complaint.

8.      USGIC denies the allegations in paragraph 8 of the Amended Complaint.

9.      USGIC denies the allegations in paragraph 9 of the Amended Complaint.

10.     USGIC denies the allegations in paragraph 10 of the Amended Complaint, and respectfully refers to the testimony before Congress of FCC International Bureau Chief Mindel De La Torre for its complete and accurate terms and content.

11.     USGIC denies the allegations in paragraph 11 of the Amended Complaint, except admits that, on February 15, 2012, the FCC issued a Public Notice entitled *International Bureau Invites Comment on NTIA Letter Regarding LightSquared Conditional Waiver*, Public Notice, 27 FCC Rcd 1596 (2012), to which USGIC respectfully refers for its complete and accurate terms and content, and further admits that LightSquared filed for bankruptcy in May 2012.

12.     USGIC denies the allegations in paragraph 12 of the Amended Complaint.

13.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 13 of the Amended Complaint.

14.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 14 of the Amended Complaint.

15.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 15 of the Amended Complaint.

16.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 16 of the Amended Complaint.

17.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 17 of the Amended Complaint.

18.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 18 of the Amended Complaint.

19.     USGIC denies the allegations in paragraph 19 of the Amended Complaint, except admits that USGIC was created in 1991, is headquartered in Washington, D.C., and its current members include Deere, Garmin and Trimble.

20.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claims against The Coalition to Save Our GPS in their entirety and, accordingly, a response to the allegations in paragraph 20 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 20 of the Amended Complaint.

21.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claims against The Coalition to Save Our GPS in their entirety and, accordingly, a response to the allegations in paragraph 21 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 21 of the Amended Complaint.

22.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claims against The Coalition to Save Our GPS in their entirety and, accordingly, a response to the allegations in paragraph 22 of the Amended Complaint is not required.  To the

extent a response is deemed necessary, USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 22 of the Amended Complaint.

23.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claims against The Coalition to Save Our GPS in their entirety and, accordingly, a response to the allegations in paragraph 23 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 23 of the Amended Complaint.

24.     USGIC denies the allegations in paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint states a legal position to which no responsive pleading is required.

26.     Paragraph 26 of the Amended Complaint states a legal position to which no responsive pleading is required.

27.     USGIC denies that the allegations in paragraph 27 set forth complete and accurate definitions of the matters alleged and accordingly denies the allegations in paragraph 27 of the Amended Complaint.

28.     USGIC denies that the allegations in paragraph 28 set forth complete and accurate definitions of the matters alleged and accordingly denies the allegations in paragraph 28 of the Amended Complaint.

29.     USGIC denies that the allegations in paragraph 29 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 29 of the Amended Complaint, and further respectfully refers to the referenced FCC filings and orders for their complete and accurate terms and content.

30.     USGIC denies the allegations in paragraph 30, and respectfully refers to the referenced FCC and NTIA orders and regulations for their complete and accurate terms and content.

31.     USGIC denies that the allegations in paragraph 31 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 31 of the Amended Complaint.

32.     USGIC denies the allegations in paragraph 32, and respectfully refers to the referenced FCC and NTIA orders and regulations for their complete and accurate terms and content.

33.     USGIC denies that the allegations in paragraph 33 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 33 of the Amended Complaint.

34.     USGIC denies the allegations in paragraph 34 of the Amended Complaint, and respectfully refers to the referenced FCC orders, statements, and congressional testimony for their complete and accurate terms and content.

35.     USGIC denies the allegations in paragraph 35 of the Amended Complaint.

36.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 36 of the Amended Complaint.

37.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 37 of the Amended Complaint.

38.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 38 of the Amended Complaint.

39.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 39 of the Amended Complaint.

40.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 40 of the Amended Complaint.

41.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 41 of the Amended Complaint.

42.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 42 of the Amended Complaint.

43.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 43 of the Amended Complaint.

44.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 44 of the Amended Complaint.

45.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 45 of the Amended Complaint.

46.     USGIC denies the allegations in paragraph 46 of the Amended Complaint.

47.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 47 of the Amended Complaint, and further respectfully refers to the referenced FCC filings for their complete and accurate terms and content.

48.     USGIC denies the allegations in paragraph 48 of the Amended Complaint.

49.     USGIC denies the allegations in paragraph 49 of the Amended Complaint, except admits that USGIC periodically expressed concerns to LightSquared and/or its predecessors about interference issues involving "out of band emissions."

50.     USGIC denies the allegations in paragraph 50 of the Amended Complaint, except admits that USGIC periodically expressed concerns to LightSquared and/or its predecessors about interference issues involving "out of band emissions."

51.     USGIC denies the allegations in paragraph 51 of the Amended Complaint, except admits that representative(s) of USGIC communicated with representative(s) of LightSquared's predecessor in 2001 and 2002.

52.     USGIC denies the allegations in paragraph 52 of the Amended Complaint, except admits that Raul Rodriguez and Lon Levin communicated via teleconference on or around June 21, 2002, and respectfully refers to the letter and presentation filed with the FCC on July 17, 2002 for its complete and accurate terms and content.

53.     USGIC denies the allegations in paragraph 53 of the Amended Complaint, and respectfully refers to the e-mail from Raul Rodriguez to Lon Levin, cc'ing Peter Karabinis, Bruce Jacobs, and Ann Ciganer, dated June 24, 2002, for its complete and accurate terms and content.

54.     USGIC denies the allegations in paragraph 54 of the Amended Complaint, and respectfully refers to the letter and presentation filed with the FCC on July 17, 2002 for its complete and accurate terms and content.

55.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 55 of the Amended Complaint.

56.     USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 56 of the Amended Complaint.

57.     USGIC denies the allegations in paragraph 57 of the Amended Complaint, and respectfully refers to the 2003 Petition for Reconsideration for its complete and accurate terms and content.

58.     USGIC denies the allegations in paragraph 58 of the Amended Complaint, and respectfully refers to the 2003 Petition for Reconsideration for its complete and accurate terms and content.

59.     USGIC denies the allegations in paragraph 59 of the Amended Complaint, and respectfully refers to the Report and Order released by the FCC in February 2003 for its complete and accurate terms and content.

60.     USGIC denies the allegations in paragraph 60 of the Amended Complaint.

61.     USGIC denies the allegations in paragraph 61 of the Amended Complaint, and respectfully refers to the Reply to Comments filed by USGIC with the FCC on September 4, 2013, for its complete and accurate terms and content.

62.     USGIC denies the allegations in paragraph 62 of the Amended Complaint.

63.     USGIC denies the allegations in paragraph 63 of the Amended Complaint, and respectfully refers to the letter from Raul Rodriguez, Esq. on behalf of the USGIC to Marlene Dortch, Secretary of the FCC, dated March 24, 2004, for its complete and accurate terms and content.

64.     USGIC denies the allegations in paragraph 64 of the Amended Complaint.

65.     USGIC denies the allegations in paragraph 65 of the Amended Complaint, and respectfully refers to the testimony before Congress of FCC International Bureau Chief Mindel De La Torre and the FCC's Chief Engineer, Julius Knapp, for its complete and accurate terms and content.

66.    USGIC denies the allegations in paragraph 66 of the Amended Complaint, and respectfully refers to the FCC's Order and Authorization, dated November 8, 2004, for its complete and accurate terms and content.

67.    USGIC denies the allegations in paragraph 67 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Second Order on Reconsideration, dated February 25, 2005, for its complete and accurate terms and content.

68.    USGIC denies the allegations in paragraph 68 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Second Order on Reconsideration, dated February 25, 2005, for its complete and accurate terms and content.

69.    USGIC denies the allegations in paragraph 69 of the Amended Complaint.

70.    USGIC denies the allegations in paragraph 70 of the Amended Complaint.

71.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 71 of the Amended Complaint.

72.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 72 of the Amended Complaint.

73.    USGIC denies the allegations in paragraph 73 of the Amended Complaint, except admits that on April 29, 2009, LightSquared filed Modification and Request for Expedited Consideration with the FCC, and that on July 10, 2009, USGIC filed with the FCC Comments of the U.S. GPS Industry Council.  USGIC respectfully refers to those documents for their complete and accurate terms and content.

74.    USGIC denies the allegations in paragraph 74 of the Amended Complaint, except admits that representatives of USGIC and LightSquared's predecessor jointly drafted a letter that

was filed with the FCC on August 13, 2009, and respectfully refers to that letter for its complete and accurate terms and content.

75.     USGIC denies the allegations in paragraph 75 of the Amended Complaint, and respectfully refers to the July 17, 2009 e-mail from Bruce Jacobs to Raul Rodriguez for its complete and accurate terms and content.

76.     USGIC denies the allegations in paragraph 76 of the Amended Complaint, except admits that representatives of USGIC and LightSquared's predecessor jointly drafted a letter that was filed with the FCC on August 13, 2009, and respectfully refers to that letter for its complete and accurate terms and content.  USGIC further admits that representatives of USGIC and LightSquared's predecessor participated in communications leading to that letter.

77.     USGIC denies the allegations in paragraph 77 of the Amended Complaint, except admits that representatives of USGIC and LightSquared's predecessor jointly drafted a letter that was filed with the FCC on August 13, 2009, and respectfully refers to that letter for its complete and accurate terms and content.  USGIC further admits that representatives of USGIC and LightSquared's predecessor participated in communications leading to that letter.

78.     USGIC denies the allegations in paragraph 78 of the Amended Complaint, except admits that the only issue discussed between representatives of LightSquared's predecessor and USGIC concerned out-of-band emissions from "femtocells," as no other issues appeared to be relevant at the time given what USGIC knew of LightSquared's plans.

79.     USGIC denies the allegations in paragraph 79 of the Amended Complaint, except admits that representatives of LightSquared's predecessor and USGIC jointly drafted a letter to the FCC, which was filed on August 13, 2009, and respectfully refers to that letter for its complete and accurate terms and content.

80.     USGIC denies the allegations in paragraph 80 of the Amended Complaint, and respectfully refers to the joint letter filed with the FCC on August 13, 2009 for its complete and accurate terms and content.

81.     USGIC denies the allegations in paragraph 81 of the Amended Complaint.

82.     USGIC denies the allegations in paragraph 82 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Declaratory Ruling, dated March 26, 2010, for its complete and accurate terms and content.

83.     USGIC denies the allegations in paragraph 83 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Declaratory Ruling, dated March 26, 2010, for its complete and accurate terms and content.

84.     USGIC denies the allegations in paragraph 84 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Declaratory Ruling, dated March 26, 2010, for its complete and accurate terms and content.

85.     USGIC denies the allegations in paragraph 85 of the Amended Complaint, and respectfully refers to the referenced FCC proceedings for their complete and accurate terms and content.

86.     USGIC denies that the allegations in paragraph 86 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 86 of the Amended Complaint, and further respectfully refers to the referenced FCC filings and orders for their complete and accurate terms and content.

87.     USGIC denies that the allegations in paragraph 87 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 87

11

of the Amended Complaint, and further respectfully refers to the referenced FCC filings and orders for their complete and accurate terms and content.

88.    USGIC denies the allegations in paragraph 88 of the Amended Complaint.

89.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 89 of the Amended Complaint.

90.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 90 of the Amended Complaint.

91.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 91 of the Amended Complaint.

92.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 92 of the Amended Complaint.

93.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 93 of the Amended Complaint.

94.    USGIC denies the allegations in paragraph 94 of the Amended Complaint.

95.    USGIC denies the allegations in paragraph 95 of the Amended Complaint.

96.    USGIC denies the allegations in paragraph 96 of the Amended Complaint.

97.    USGIC denies the allegations in paragraph 97 of the Amended Complaint.

98.    USGIC denies that the allegations in paragraph 98 set forth a complete and accurate summary of the matters alleged and accordingly denies the allegations in paragraph 98 of the Amended Complaint.

99.    USGIC denies the allegations in paragraph 99 of the Amended Complaint.

100.    USGIC denies the allegations in paragraph 100 of the Amended Complaint, and respectfully refers to the FCC's Memorandum Opinion and Order and Second Order on Reconsideration, dated February 25, 2005, for its complete and accurate terms and content.

101.    USGIC denies the allegations in paragraph 101 of the Amended Complaint, and respectfully refers to the referenced documents for their complete and accurate terms and content.

102.    USGIC denies the allegations in paragraph 102 of the Amended Complaint.

103.    USGIC denies the allegations in paragraph 103 of the Amended Complaint.

104.    USGIC denies the allegations in paragraph 104 of the Amended Complaint.

105.    USGIC denies the allegations in paragraph 105 of the Amended Complaint.

106.    USGIC denies the allegations in paragraph 106 of the Amended Complaint.

107.    USGIC denies the allegations in paragraph 107 of the Amended Complaint.

108.    USGIC denies the allegations in paragraph 108 of the Amended Complaint.

109.    USGIC denies the allegations in paragraph 109 of the Amended Complaint, and respectfully refers to the Reply to Comments filed by USGIC with the FCC on September 4, 2003 for its complete and accurate terms and content.

110.    USGIC denies the allegations in paragraph 110 of the Amended Complaint, and respectfully refers to the May 31, 2011 letter written by FCC Chairman Genachowski for its complete and accurate terms and content.

111.    USGIC denies the allegations in paragraph 111 of the Amended Complaint.

112.    USGIC denies the allegations in paragraph 112 of the Amended Complaint, and respectfully refers to the referenced FCC proceedings for their complete and accurate terms and content

113.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 113 of the Amended Complaint.

114.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 114 of the Amended Complaint.

115.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 115 of the Amended Complaint.

116.    USGIC denies the allegations in paragraph 116 of the Amended Complaint.

117.    USGIC denies the allegations in paragraph 117 of the Amended Complaint.

118.    USGIC denies the allegations in paragraph 118 of the Amended Complaint, and respectfully refers to the letter filed by LightSquared with the FCC on November 18, 2010 for its complete and accurate terms and content.

119.    USGIC denies the allegations in paragraph 119 of the Amended Complaint, and respectfully refers to the FCC Order and Authorization, dated January 26, 2011, for its complete and accurate terms and content.

120.    USGIC denies the allegations in paragraph 120 of the Amended Complaint.

121.    USGIC denies the allegations in paragraph 121 of the Amended Complaint.

122.    USGIC denies the allegations in paragraph 122 of the Amended Complaint.

123.    USGIC denies the allegations in paragraph 123 of the Amended Complaint.

124.    USGIC lacks knowledge or information sufficient to respond to the allegations in paragraph 124 of the Amended Complaint.

125.    USGIC denies the allegations in paragraph 125 of the Amended Complaint.

126.    USGIC denies the allegations in paragraph 126 of the Amended Complaint.

127.    USGIC denies the allegations in paragraph 127 of the Amended Complaint.

128.   USGIC denies the allegations in paragraph 128 of the Amended Complaint.

129.   USGIC denies the allegations in paragraph 129 of the Amended Complaint.

130.   USGIC denies the allegations in paragraph 130 of the Amended Complaint.

131.   USGIC denies the allegations in paragraph 131 of the Amended Complaint.

132.   USGIC denies the allegations in paragraph 132 of the Amended Complaint.

133.   USGIC denies the allegations in paragraph 133 of the Amended Complaint.

134.   USGIC denies the allegations in paragraph 134 of the Amended Complaint.

135.   USGIC denies the allegations in paragraph 135 of the Amended Complaint.

136.   USGIC denies the allegations in paragraph 136 of the Amended Complaint.

137.   USGIC denies the allegations in paragraph 137 of the Amended Complaint.

138.   USGIC denies the allegations in paragraph 138 of the Amended Complaint.

139.   USGIC denies the allegations in paragraph 139 of the Amended Complaint.

140.   USGIC denies the allegations in paragraph 140 of the Amended Complaint.

141.   Paragraph 141 of the Amended Complaint states a legal conclusion to which no responsive pleading is required.

142.   USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

143.   The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in paragraph 143 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 143 of the Amended Complaint.

144.   The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in

paragraph 144 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 144 of the Amended Complaint.

145.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in paragraph 145 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 145 of the Amended Complaint.

146.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in paragraph 146 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 146 of the Amended Complaint.

147.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in paragraph 147 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 147 of the Amended Complaint.

148.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for promissory estoppel and, accordingly, a response to the allegations in paragraph 148 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 148 of the Amended Complaint.

149.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

150.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in

paragraph 150 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 150 of the Amended Complaint.

151.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in paragraph 151 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 151 of the Amended Complaint.

152.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in paragraph 152 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 152 of the Amended Complaint.

153.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in paragraph 153 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 153 of the Amended Complaint.

154.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in paragraph 154 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 154 of the Amended Complaint.

155.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for quantum meruit and, accordingly, a response to the allegations in paragraph 150 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 155 of the Amended Complaint.

156.     USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

157.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 157 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 157 of the Amended Complaint.

158.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 158 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 158 of the Amended Complaint.

159.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 159 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 159 of the Amended Complaint.

160.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 160 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 160 of the Amended Complaint.

161.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 161 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 161 of the Amended Complaint.

162.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 162 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 162 of the Amended Complaint.

163.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

164.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 164 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 164 of the Amended Complaint.

165.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 165 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 165 of the Amended Complaint.

166.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 166 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 166 of the Amended Complaint.

167.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 167 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 167 of the Amended Complaint.

168.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 168 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 168 of the Amended Complaint.

169.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 169 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 169 of the Amended Complaint.

170.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of contract and, accordingly, a response to the allegations in paragraph 170 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 170 of the Amended Complaint.

171.     USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

172.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of the implied covenant of good faith and, accordingly, a response to the allegations in paragraph 172 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 172 of the Amended Complaint.

173.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of the implied covenant of good faith and, accordingly, a response to the allegations in paragraph 173 of the Amended Complaint is not required.  To the

extent a response is deemed necessary, USGIC denies the allegations in paragraph 173 of the Amended Complaint.

174.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of the implied covenant of good faith and, accordingly, a response to the allegations in paragraph 174 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 174 of the Amended Complaint.

175.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of the implied covenant of good faith and, accordingly, a response to the allegations in paragraph 175 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 175 of the Amended Complaint.

176.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for breach of the implied covenant of good faith and, accordingly, a response to the allegations in paragraph 176 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 176 of the Amended Complaint.

177.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

178.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for unjust enrichment and, accordingly, a response to the allegations in paragraph 178 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 178 of the Amended Complaint.

179.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for unjust enrichment and, accordingly, a response to the allegations in paragraph 179 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 179 of the Amended Complaint.

180.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for unjust enrichment and, accordingly, a response to the allegations in paragraph 180 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 180 of the Amended Complaint.

181.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for unjust enrichment and, accordingly, a response to the allegations in paragraph 181 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 181 of the Amended Complaint.

182.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for unjust enrichment and, accordingly, a response to the allegations in paragraph 182 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 182 of the Amended Complaint.

183.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

184.    USGIC denies the allegations in paragraph 184 of the Amended Complaint.

185.    USGIC denies the allegations in paragraph 185 of the Amended Complaint.

186.    USGIC denies the allegations in paragraph 186 of the Amended Complaint.

187.    USGIC denies the allegations in paragraph 187 of the Amended Complaint.

188.    USGIC denies the allegations in paragraph 188 of the Amended Complaint.

189.    USGIC denies the allegations in paragraph 189 of the Amended Complaint.

190.    USGIC denies the allegations in paragraph 190 of the Amended Complaint.

191.    USGIC denies the allegations in paragraph 191 of the Amended Complaint.

192.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

193.    USGIC denies the allegations in paragraph 193 of the Amended Complaint.

194.    USGIC denies the allegations in paragraph 194 of the Amended Complaint.

195.    USGIC denies the allegations in paragraph 195 of the Amended Complaint.

196.    USGIC denies the allegations in paragraph 196 of the Amended Complaint.

197.    USGIC denies the allegations in paragraph 197 of the Amended Complaint.

198.    USGIC denies the allegations in paragraph 198 of the Amended Complaint.

199.    USGIC denies the allegations in paragraph 199 of the Amended Complaint.

200.    USGIC denies the allegations in paragraph 200 of the Amended Complaint.

201.    USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

202.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 202 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 202 of the Amended Complaint.

203.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 203 of the Amended Complaint is

not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 203 of the Amended Complaint.

204.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 204 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 204 of the Amended Complaint.

205.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 205 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 205 of the Amended Complaint.

206.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 206 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 206 of the Amended Complaint.

207.    The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 207 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 207 of the Amended Complaint.

208.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with existing contractual or business relationships and, accordingly, a response to the allegations in paragraph 208 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 208 of the Amended Complaint.

209.     USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

210.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 210 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 210 of the Amended Complaint.

211.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 211 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 211 of the Amended Complaint.

212.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 212 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 212 of the Amended Complaint.

213.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 213 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 213 of the Amended Complaint.

214.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 214 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 214 of the Amended Complaint.

215.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 215 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 215 of the Amended Complaint.

216.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for tortious interference with prospective business relationships and, accordingly, a response to the allegations in paragraph 216 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 216 of the Amended Complaint.

217.     USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

218.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for civil conspiracy and, accordingly, a response to the allegations in paragraph 218 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 218 of the Amended Complaint.

219.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for civil conspiracy and, accordingly, a response to the allegations in paragraph 219 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 219 of the Amended Complaint.

220.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for civil conspiracy and, accordingly, a response to the allegations in paragraph 220 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 220 of the Amended Complaint.

221.     The Court's Decision and Order, dated February 5, 2015 (Dkt. 73) dismissed LightSquared's claim for civil conspiracy and, accordingly, a response to the allegations in paragraph 221 of the Amended Complaint is not required.  To the extent a response is deemed necessary, USGIC denies the allegations in paragraph 221 of the Amended Complaint.

222.     USGIC repeats each and every response to the allegations set forth above, as though expressly set forth herein.

223.     USGIC denies the allegations in paragraph 223 of the Amended Complaint.

224.     USGIC denies the allegations in paragraph 224 of the Amended Complaint.

225.     USGIC denies the allegations in paragraph 225 of the Amended Complaint.

226.     USGIC denies the allegations in paragraph 226 of the Amended Complaint.

227.     USGIC denies the allegations in paragraph 227 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action against USGIC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by principles of laches, waiver, estoppel and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

LightSquared failed to mitigate its damages in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

LightSquared's damages, if any, resulted from the acts or omissions of third parties over whom USGIC had no control or responsibility, including but not limited to federal agencies and regulatory bodies.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by LightSquared.

## SIXTH AFFIRMATIVE DEFENSE

LightSquared is barred from obtaining any relief in this action under the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

LightSquared is barred from obtaining any relief in this action due to their contributory or comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

LightSquared is barred from obtaining any relief in this action because the duties underlying their claims for negligent misrepresentation and constructive fraud did not arise independently from the enforceable agreements alleged.

## NINTH AFFIRMATIVE DEFENSE

LightSquared is barred from obtaining any relief in this action because their claims are premised on USGIC's purported opinions or predictions, rather than alleged misstatements of present fact.

## TENTH AFFIRMATIVE DEFENSE

LightSquared is barred from obtaining any relief in this action because it assumed the risk that its proposed network could cause insoluble interference issues, and that its network investments could fail.

## ELEVENTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability because all of LightSquared's claims in the Amended Complaint are barred by the *Noerr-Pennington* doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability because all of LightSquared's claims in the Amended Complaint are preempted by the Communications Act of 1934, as amended.

## THIRTEENTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability because the actions and omissions of LightSquared are the superseding and intervening causes of LightSquared's alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability by LightSquared's failure to conduct adequate diligence and to exercise due care.

## FIFTEENTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability because LightSquared did not reasonably rely on any alleged misstatements and omissions of USGIC.

## SIXTEENTH AFFIRMATIVE DEFENSE

USGIC is relieved from any liability because LightSquared knew, or reasonably should have known, in the relevant period that their proposed network could interfere with Defendants' GPS systems.

## SEVENTEENTH AFFIRMATIVE DEFENSE

LightSquared is barred from recovering any damages in this action because LightSquared's claimed damages are not susceptible to reasonable estimation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

LightSquared is barred from recovering any damages in this action because LightSquared's claims are void or barred as against public policy.

## NINETEENTH AFFIRMATIVE DEFENSE

USGIC intends to rely upon such other and further defenses as may become available or apparent during discovery and pretrial proceedings in this action, and hereby reserve the right to amend this Answer and assert any such additional defenses.

**WHEREFORE,** USGIC demands judgment:

A.      dismissing the Amended Complaint with prejudice;

B.      awarding USGIC costs, expenses and attorneys' fees in connection with the
Amended Complaint; and

C.      for such other and further relief as the Court deems just and equitable.

Dated: New York, New York
March 18, 2015

SCHINDLER COHEN & HOCHMAN LLP

By:      ___/s/ Steven R. Schindler_____
Steven R. Schindler
Karen M. Steel
Richard J. Bettan
100 Wall Street, 15th Floor
New York, New York 10005
(212) 277-6300 (tel)
(212) 277-6333 (fax)

*Attorneys for Defendant The U.S. GPS*
*Industry Council*