# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Winn Allen
To Call Writer Directly:
(202) 879-5078
winn.allen@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 20, 2015

**VIA ECF & HAND DELIVERY**

Honorable Richard M. Berman
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re:   *LightSquared Inc., et al., v. Deere & Company, et al.*, No. 13-CV-8157 (RMB) (JCF)

Dear Judge Berman:

Deere asks to file a motion for summary judgment months before the close of discovery when only a fraction of documents have been produced, a handful of witnesses deposed, and discovery completed on ***only one*** of the many issues this Court previously identified as requiring discovery. Courts generally disfavor piecemeal requests for summary judgment of this nature, *see Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004), and there is no reason for deviating from that normal practice here.

*First*, the premise of Deere's request is that LightSquared's claims are limited to "USGIC's alleged omissions during 2009 negotiations." Ltr. at 1. That is wrong. This case concerns Defendants' conduct from 2003 onward, *see, e.g.*, 2/5/15 Op. at 29; 30, n. 19; *see also* Am. Compl. ¶ 136, and is not limited to any particular set of discussions or negotiations. The key issues are whether Deere knew "about the out-of-band-reception issue," *id.*, knew that "LightSquared was acting upon the assumption that the out-of-band reception issue does not exist," *id.* at 31, and yet failed to disclose the potential for out-of-band-reception to

## KIRKLAND & ELLIS LLP

Honorable Richard M. Berman
July 20, 2015
Page 2

LightSquared, *id*. at 30.  Discovery has not yet been conducted on any of these issues, and summary judgment before such discovery would be entirely premature.

*Second*, Deere's request also hinges on its claim that LightSquared cannot establish that "USGIC was Deere's agent or alter ego." Ltr. at 1.  LightSquared disputes that contention, but even if Deere could make such a showing, that would do nothing to address LightSquared's allegations that Deere "had superior knowledge regarding the out-of band reception concerns, and it seems plausible that [Deere] had a duty to speak regarding that issue." Op. at 31.  Regardless of any agency or alter ego relationship between Deere and USGIC, LightSquared has adequately pleaded that Deere "knew that LightSquared was acting upon the assumption that the out-of-band reception issue does not exist" and because of its superior knowledge of its own "proprietary and confidential" products, Deere and the other Defendants "remained the sole parties capable of identifying and raising the out-of-band reception issue." *Id*. (internal quotations omitted).  Deere's single-issue motion for summary judgment would in no way address this theory of liability, and is therefore anything but "case-dispositive."  Additionally, no discovery has been conducted regarding a number of key factual allegations this Court identified as central to those allegations, and such discovery will not be completed until March 31, 2016.  These key issues include:

- Deere's knowledge "about the out-of-band reception issue." Op. at 29.
- Whether Deere knew "LightSquared was acting upon the assumption that the out-of-band reception issue] does not exist." *Id.* at 29.
- Whether LightSquared "reasonably relied on Defendants' … omissions." *Id.* at 31.

# KIRKLAND & ELLIS LLP

Honorable Richard M. Berman
July 20, 2015
Page 3

- If "Defendants' conduct was the proximate cause of … injury." *Id.* at 32.

- "[W]hat Defendants obtained through the fraud." *Id.* at 33.

Finally, there is good reason to believe that discovery will show that Deere knew "about the out-of-band-reception issue," *id.*, knew that "LightSquared was acting upon the assumption that the out-of-band reception issue does not exist," *id.* at 31, and yet failed to disclose the potential for out-of-band-reception to LightSquared, *id.* at 30. Even the limited discovery conducted to date shows that, as early as 2002, Deere knew that there was a potential that LightSquared's network could interfere with its receivers, and knew that USGIC had told LightSquared that all relevant interference issues had been resolved and that LightSquared could proceed. Yet Deere did nothing to inform LightSquared that, based on its superior knowledge of its own receivers, it believed that interference issues remained. Further discovery is warranted into those facts, which will not be addressed or resolved by Deere's proposed motion.

At bottom, Deere has shown no reason why this Court should deviate from its standard practice of addressing summary judgment arguments at the close of discovery, rather than inviting piecemeal summary judgment motions.

Respectfully submitted,

/s/ *K. Winn Allen*

Winn Allen

cc: Counsel of Record (via ECF)