USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/15

Case 1:13-cv-08157-RMB-JCF   Document 111   Filed 07/21/15   Page 1 of 3
Case 1:13-cv-08157-RMB-JCF   Document 110   Filed 07/20/15   Page 1 of 3

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Winn Allen
To Call Writer Directly:
(202) 879-5078
winn.allen@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 20, 2015

> *[Handwritten note:]* We can discuss at a conference on Sept 2, 2015 @ 11:30. There is no stay of discovery in the interim.
>
> **SO ORDERED:**
> Date: 7/21/15
> *[Signed]* Richard M. Berman, U.S.D.J.

**VIA ECF & HAND DELIVERY**

Honorable Richard M. Berman
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re: *LightSquared Inc., et al., v. Deere & Company, et al.*, No. 13-CV-8157 (RMB) (JCF)

Dear Judge Berman:

Garmin asks to file a motion for summary judgment months before the close of discovery when only a fraction of documents have been produced, a handful of witnesses deposed, and discovery completed on *only one* of the many issues this Court previously identified as requiring discovery. Courts generally disfavor piecemeal requests for summary judgment of this nature, *see Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004), and there is no reason for deviating from that normal practice here.

*First*, Garmin's extraordinary request to terminate discovery a full eight months early hinges on the belief that LightSquared's case is "limit[ed] … to the 2009 negotiations." But that is wrong: This case concerns Defendants' conduct from 2003 onward, *see, e.g.*, 2/5/15 Op. at 29; 30, n. 19; *see also* Am. Compl. ¶ 136, and is not limited to any particular set of discussions or negotiations. The key issues are whether Garmin knew "about the out-of-band-reception issue," *id.* at 29, knew that "LightSquared was acting upon the assumption that the out-of-band

## KIRKLAND & ELLIS LLP

Honorable Richard M. Berman
July 20, 2015
Page 2

reception issue does not exist," *id.* at 31, and yet failed to disclose the potential for out-of-band-reception to LightSquared, *id.* at 30. Discovery has not yet been conducted on any of these issues, and summary judgment before such discovery would be entirely premature.

*Second*, even if this case *were* limited to the 2009 negotiations (which it is not), discovery has not been completed (or even really started) on that issue. The parties have only completed discovery on Garmin and Deere's "relationship to USGIC," not the 2009 negotiations. In fact, Garmin previously requested that Judge Francis order expedited discovery on the 2009 negotiations, ***but that request was denied***. The parties have thus not even completed discovery on the issue Garmin claims to be dispositive.

*Third*, even under Garmin's narrow view of the case, the limited discovery conducted to date shows Garmin is liable both for its own conduct and the conduct of USGIC. Documents show that by at least April 2010, Garmin knew about LightSquared's network, understood the out-of-band reception issue, and knew about prior statements assuring LightSquared that all interference concerns had been resolved. Yet Garmin said nothing about out-of-band reception to LightSquared, while still using USGIC as its agent in communications with LightSquared. That alone is sufficient to establish liability, but LightSquared fully expects discovery to show that Garmin had knowledge of those issues far earlier than April 2010.

In addition, contrary to Garmin's claim of "undisputed fact[s]," there are genuine disputes of fact surrounding Garmin's involvement with USGIC. Since 2001, Garmin has been an active member of USGIC and Garmin's General Counsel continuously served on USGIC's

# KIRKLAND & ELLIS LLP

Honorable Richard M. Berman
July 20, 2015
Page 3

Board of Directors. The evidence also shows that USGIC was a sham organization that followed no corporate formalities and existed only as a front for its members. Among other things: (i) USGIC's corporate charter was revoked by the District of Columbia in 1998, and USGIC continued to operate without a charter until 2013; (ii) USGIC reinstated its charter only after Harbinger filed suit and USGIC "really exists only now to address the litigation," Dep. Tr. M. Swiek 22:13–14; (iii) USGIC's Board of Directors has not held a meeting since at least 2001 and there have been no formal votes since that time; (iv) USGIC's operations deviated significantly from its corporate by-laws; and (vi) USGIC was tightly controlled by Garmin and Trimble.

Garmin also used USGIC for its own purposes. Garmin directed USGIC to obtain information from LightSquared on Garmin's behalf while Garmin was *fully aware* of the potential for out-of-band reception. USGIC also testified that it circulated draft agreements to its members before filing. Finally, Garmin is attempting to use USGIC as both a sword and a shield, because it is claiming privilege over a host of communications between Garmin and USGIC's attorneys, while simultaneously saying it cannot be liable for USGIC's actions. Garmin's request to file a nondispositive motion for summary judgment should be denied.

Respectfully submitted,

/s/ K. Winn Allen

Winn Allen

cc: Counsel of Record (via ECF)